IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
<u>COLUMBIA DIVISION</u>

| | |
|---|---|
| DYLAN J. TREVINO, A Minor, Suing By his Next Friend and Guardian, DIANA TREVINO, and DIANA TREVINO, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BLITZ U.S.A., INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:10-cv-00115<br>)<br>) JUDGE HAYNES<br>)<br>) JURY DEMANDED<br>)<br>) |

[PROPOSED] CASE MANAGEMENT ORDER  No /.

### I. Jurisdiction and Venue

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. The jurisdiction of the Court is not disputed and is hereby determined to be present.

Venue is likewise proper pursuant to 28 U.S.C. § 1391.

### II. Parties' Theories of the Case

    1.    **Plaintiff's Theory of the Case**

The morning of December 23, 2009, Dylan Snider, then five years old, sustained horrible injuries when the Blitz Model 50810 five-gallon gasoline container he was holding exploded and covered him with flaming gasoline. On that morning, five-year-old Dylan sought to reignite the coals of a fire around which his family had gathered and sang songs the night before. Unable to rekindle the fire with leaves alone, Dylan retrieved

1

a Blitz Model 50810 five-gallon gasoline container. As Dylan tilted the Blitz Model 50810—containing a small amount of two-cycle oil and gas mixture—towards the fire, the can exploded causing catastrophic burns over 65% of his body and losing all of the fingers on his right hand and all but one centimeter of his small intestines.

Plaintiffs' contend that the Blitz Model 50810 was in a defective condition, unreasonably dangerous, and unsafe for normal and reasonably anticipated use, including its foreseeable misuse. The container did not include a flame arrestor and/or explosion suppression system. Plaintiffs' allege that had the Blitz Model 50810 contained a flame arrestor and/or explosion suppression system would have prevented the Blitz gasoline container from exploding and causing Dylan's injuries.

### 2. Defendant's Theory of the Case

Blitz U.S.A. denies that it is liable to plaintiffs and more specifically denies that plaintiffs were injured by any defect in a Blitz U.S.A. portable plastic consumer gasoline container or other action by Blitz U.S.A. Rather, the sole and proximate cause of plaintiffs' injuries was the negligent misuse of gasoline and/or the subject container, and/or the negligent supervision of the use of gasoline and/or the subject container.

The subject container, if manufactured by Blitz U.S.A., was safe for its intended and reasonable uses. It was not defectively designed or unreasonably dangerous, and was properly manufactured. The container met all Federal and other applicable standards and regulations, and contained proper warnings for the safe use of the product. In addition, the hazard from gasoline was apparent without regard to the warnings. "Flame arresters" and/or explosion suppression systems are neither required nor recommended by any standard/regulation or regulatory authority, are not advisable, warranted or economically

2

Case 1:10-cv-00115 Document 27 Filed 03/25/11 Page 2 of 7 PageID #: 111

feasible, and no portable consumer container on the market presently or at the time of the incident contains a flame arrester or explosion suppression system. Moreover, a flame arrester would not have prevented the outcome here. In addition, plaintiffs' "post-sale duty to warn" claim and request for loss of filial consortium damages are not viable (Blitz has a pending motion for summary judgment as to these claims) and Blitz otherwise denies plaintiffs' other causes of action, including plaintiffs' negligent misrepresentation and breach of warranty claims. Finally, notwithstanding Blitz U.S.A's denial of liability, plaintiffs' recovery is barred or reduced by the doctrines of assumption of the risk and comparative fault.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on **March 28, 2011**, this action is set for a jury trial on ___July 24, 2012 in Colum___. (The parties propose a trial date of **Monday, July 16, 2012, at 9:00 a.m.**)

If this action is to be settled, the Law Clerk shall be notified by **12:00 p.m.**, July 13, 2012. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **Monday, June 25, 2012, at 9:00 a.m.** A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **February 24, 2012**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **February 24, 2012**. All discovery related statements shall be filed by the close of business on **March 2, 2012**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on **March 9, 2012**, and any response thereto shall be filed by the close of

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

4

business on **April 10, 2012**. Any reply shall be filed by the close of business on **April 16, 2012**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

The number of depositions is limited to ____ [Plaintiff would like (15) and that this number does not include depositions taken pursuant to Fed. R. Civ. P. 31; Defendant proposes that Fed. R. Civ. P. 30 and 31 control regarding the number of depositions].

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **October 28, 2011**, the parties shall declare the identity of their fact witnesses and provide all information specified in Rule 26(a)(1)(A).

By the close of business on **December 9, 2011**, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all information specified in Rule 26(a)(2)(B).

By the close of business on **January 9, 2012**, the defendants shall declare to the

---

[2] Strict compliance with LR56.01 relating to motions for summary judgment is required.

plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business by plaintiff on **February 1, 2012** and by Defendant on **February 24, 2012**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39.01(c)(6) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 29th day of March, 2011.

                                          WILLIAM J. HAYNES, JR.
                                          United States District Judge