IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DYLAN J. TREVINO, A Minor Suing )
By his Next Friend and Guardian, DIANA )
TREVINO, and DIANA TREVINO, )
Individually, )
)
    Plaintiffs, )
) No. 1:10-cv-00115
v. ) JUDGE HAYNES
)
BLITZ U.S.A., INC. )
)
    Defendant. )
)

## MEMORANDUM

Plaintiffs, Dylan Trevino, through his guardian Diana Trevino, and Diana Trevino, Tennessee citizens, filed this action under the diversity statute, 28 U.S.C. §1332, against Defendant Blitz U.S.A., an Oklahoma corporation. Plaintiffs assert claims for strict liability due to a design defect, strict liability for an inadequate warning of product's unreasonably dangerous design and condition, strict liability for a manufacturing defect, failure to provide an appropriate post-sale warning, negligent misrepresentation, breach of implied and express warranties, negligence and recklessness arising from the explosion of a portable gasoline container that grievously injured Dylan Trevino. Plaintiffs attribute the cause of the explosion to Defendant Blitz's failure to include a design modification that would have prevented the gasoline in the container from igniting.

Before the Court is Defendant's motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Docket Entry No. 13). Defendant contends that Tennessee law does not recognize either Plaintiffs' claim for loss of filial consortium or post-sale failure to warn.

"The manner of review under Fed. R. Civ. P. 12(c) is the same as a review under Rule 12(b)(6); we must 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 761 (6th Cir. 2006) (quoting Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998)). A Rule 12(c) motion should be granted when the moving party is entitled to judgment as a matter of law. Paskvan v. City of Cleveland Civil Service Com'n., 946 F.2d 1233, 1235 (6th Cir. 1991).

Plaintiffs and Defendant agree that Tennessee law does not currently recognize a claim for damages for loss of filial consortium in personal injury cases. (Docket Entry No. 15, Plaintiffs' Response to Defendant's Motion for Partial Judgment at 3). The Court notes Plaintiffs' intention to preserve the claim on appeal or raise the claim should the law change before the action is concluded. Id. Thus, Plaintiffs' claims for loss of consortium, (Docket Entry No. 1, Complaint at ¶¶ 59-60), should be dismissed.

Defendant also contends that Plaintiffs' claim for a post-sale failure to warn, (Docket Entry No. 1, Complaint at ¶¶ 35-41), should be dismissed because Tennessee courts have not recognized post-sale failure to warn claims. In Flax v. Daimler-Chrysler Corp., the Tennessee Supreme Court considered the issue before concluding that "this case does not present the facts necessary to allow us to consider the merits of recognizing post-sale failure to warn claims." Flax v. Daimler-Chrysler Corp., 272 S.W.3d 521, 542 (Tenn. 2008). The Court decided to "express no opinion, however, as to the merits of recognizing that cause of action in an appropriate case." Id.

Two Court of Appeals of Tennessee decisions have rejected post-sale duty to warn claims

2

on the grounds that Tennessee does not recognize that cause of action. See Irion v. Sun Lighting Inc., 2004 WL 746823, at *17 (Tenn. Ct. App. 2004) ("To the extent she also claims there was a post-sale duty to warn, we note that, like the majority of states, Tennessee does not recognize a post-sale duty to warn"); Mohr v. Daimler-Chrysler Corp., 2008 WL 4613584, at *19 (Tenn. Ct. App. 2008) ("Tennessee does not recognize a manufacturer's post-sale duty to warn").

In a diversity action, the Sixth Circuit has stated that, absent a governing Tennessee Supreme Court decision, the Tennessee Court of Appeals decisions are presumptively authoritative:

> Where a state's highest court has spoken to an issue, we are bound by that decision unless we are convinced that the high court would overrule it if confronted with facts similar to those before us. Moreover, where a state appellate court has resolved an issue to which the high court has not spoken, "we will normally treat [those] decisions ... as authoritative absent a strong showing that the state's highest court would decide the issue differently."

Kurczi v. Eli Lilly and Co., 113 F.3d 1426, 1429 (6th Cir. 1997) (quoting Kirk v. Hanes Corp., 16 F.3d 705, 707 (6th Cir. 1994)).

Plaintiffs contend that Flax would have recognized a post-sale failure to warn claim, if sufficient evidence was presented that the defendant learned of the defect after the sale. (Docket Entry No. 15, Plaintiffs' Response to Defendant's Motion for Partial Judgment at 2). Plaintiffs argue that their pleadings meet the criteria set forth by the Supreme Court in Flax. Assuming Plaintiffs' pleadings meet the Flax criteria, Plaintiffs' argument fails to acknowledge that the Supreme Court expressly declined to endorse this claim and deferred judgment to the future. Flax, 272 S.W.3d at 542. Thus, the Court of Appeals' holdings that Tennessee law does not recognize a post-sale duty to warn claim, control. Thus, Plaintiffs' post-sale duty to warn claim should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 14th day of April, 2011.

                                              WILLIAM J. HAYNES, Jr.
                                              United States District Judge