IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DYLAN J. TREVINO, A Minor, Suing ) <br> By His Next Friend and Guardian, ) <br> DIANA TREVINO, and DIANA ) <br> TREVINO, Individually, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> BLITZ U.S.A., INC.; LAM 2011 ) <br> HOLDINGS, LLC, f/k/a BLITZ ) <br> HOLDINGS, LLC; KINDERHOOK ) <br> CAPITAL FUND II, L.P.; BLITZ ) <br> ACQUISITION HOLDINGS, INC.; ) <br> BLITZ ACQUISITION, LLC; and ) <br> BLITZ RE HOLDINGS, LLC, ) <br>   ) <br> Defendants. ) | Civil Action No: 1:10-cv-00115 <br><br> JUDGE HAYNES <br><br> JURY DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT KINDERHOOK CAPITAL FUND II, L.P.'S
MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY**

**FRESHFIELDS BRUCKHAUS DERINGER
US LLP**

Timothy P. Harkness (admitted Pro Hac Vice)
Pamila Gudkov (admitted Pro Hac Vice)
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

**BASS, BERRY & SIMS PLC**

Wallace W. Dietz (#009949)
Wendy M. Warren (#021880)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-0417

*Attorneys for Defendant
Kinderhook Capital Fund II, L.P.*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ....................................................................................2

FACTS .............................................................................................................................3

ARGUMENT ....................................................................................................................4

    I.   IF THE CLAIM AGAINST KINDERHOOK IS NOT DISMISSED,
        IT SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1412
        OR 28 U.S.C. § 1404 ........................................................................................4

        A.  Transfer Pursuant To 28 U.S.C. § 1412 Is Appropriate Because
            The Claims Against Kinderhook Are Related To The Blitz
            Bankruptcy Proceeding ...............................................................................4

        B.  Transfer Is Appropriate Even Under The Stricter Test of
            28 U.S.C. § 1404.........................................................................................6

    II.  IF THE CLAIM AGAINST KINDERHOOK IS NOT DISMISSED
        OR TRANSFERRED, IT SHOULD BE STAYED ..............................................7

        A.  If The Claim Against Kinderhook Is Not Dismissed Or Transferred,
            It Should Be Stayed Pursuant To 11 U.S.C. § 362(a).......................................7

        B.  The Claim Against Kinderhook Should Be Stayed In The Interest
            Of Judicial Efficiency ................................................................................10

CONCLUSION...............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.H. Robins Co. v. Piccinin*,
   788 F.2d 994 (4th Cir. 1986) ...................................................................................................8

*Clayton v. Heartland Resources, Inc.*,
   No. 3:08–cv–0513, 2008 WL 2697430 (M.D. Tenn. June 30, 2008).......................................7

*Dwight v. Titlemax of Tenn., Inc.*,
   No. 1:09-CV-267, 2010 WL 330339 (E.D. Tenn. Jan. 21, 2010).........................................4, 5

*Ellis v. Merck & Co.*,
   No. 06-1005-T/AN, 2006 WL 448694 (W.D. Tenn. Feb. 19 2006).......................................10

*Fed. Life Ins. Co. v. First Fin. Grp. of Tex., Inc.*,
   3 B.R. 375 (S.D. Tex. 1980) ....................................................................................................9

*Flight Solutions, Inc. v. Club Air, Inc.*,
   No. 3:09-CV-1155, 2010 WL 276094 (M.D. Tenn. Jan. 14, 2010) .........................................4

*In re Continentalafa Dispensing Co.*,
   403 B.R. 653 (Bankr. E.D. Mo. 2009).....................................................................................9

*In re Fiddler's Creek, LLC*,
   No. 9:10-bk-03846-ALP, 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010)....................9

*In re W.R. Grace & Co.*,
   386 B.R. 17 (Bankr. D. Del. 2008) ..........................................................................................8

*Jones v. Lewis*,
   No. 06-1051-T/AN, 2006 WL 1006881 (W.D. Tenn. Apr. 17, 2006)....................................10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...............................................................................................................10

*Mazur v. U.S. Air Duct Corp. (In re U.S. Air Duct Corp.)*,
   8 B.R. 848 (Bankr. N.D.N.Y. 1981) ........................................................................................9

*Mello v. Hare, Wynn, Newell & Newton, LLP*,
   No. 3:10-cv-243, 2010 WL 2253535 (M.D. Tenn. May 30, 2010) .........................................5

*Nilssen v. Universal Lighting Techs., Inc.*,
   No. 3:04-0080, 2006 WL 38909 (M.D. Tenn. Jan. 5, 2006) .................................................10

*Robinson v. Mich. Consol. Gas Co.*,
   918 F.2d 579 (6th Cir. 1990) ................................................................................................4, 5

*S. Operators Health Fund v. Ray Anthony Int'l, LLC*,
 No. 3:10-0518, 2010 WL 4054272 (M.D. Tenn. Oct. 15, 2010) ............................................... 8

*Sudbury, Inc. v. Escott (In re Sudbury, Inc.)*,
 140 B.R. 463 (Bankr. N.D. Ohio 1992) ................................................................................... 9

*United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*,
 677 F. Supp. 2d 987 (W.D. Tenn. 2010) .................................................................................. 7

**STATUTES**

11 U.S.C. § 362 .................................................................................................................. *passim*

28 U.S.C. § 1404 ................................................................................................................ *passim*

28 U.S.C. § 1412 ............................................................................................................. 1, 4, 5, 11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DYLAN J. TREVINO, A Minor, Suing By His Next Friend and Guardian, DIANA TREVINO, and DIANA TREVINO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> BLITZ U.S.A., INC.; LAM 2011 HOLDINGS, LLC, f/k/a BLITZ HOLDINGS, LLC; KINDERHOOK CAPITAL FUND II, L.P.; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISITION, LLC; and BLITZ RE HOLDINGS, LLC, <br><br> Defendants. | Civil Action No: 1:10-cv-00115 <br><br> JUDGE HAYNES <br><br> JURY DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT KINDERHOOK CAPITAL FUND II, L.P.'S
MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY**

Defendant Kinderhook Capital Fund II, L.P. ("Kinderhook") respectfully submits, by special appearance, this Memorandum of Law in support of its motion (the "Motion") to transfer Plaintiffs' claim against Kinderhook to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1412 and 28 U.S.C. § 1404 or, in the alternative, to stay the claim pursuant to 11 U.S.C. § 362(a) and the Court's inherent power to manage its docket. This motion is made in the alternative to Kinderhook's pending motion to dismiss, filed November 7, 2011 (the "Motion to Dismiss"), and Kinderhook does not waive any rights or defenses to lack of personal jurisdiction by this special appearance.

1

## PRELIMINARY STATEMENT

In the time since Kinderhook filed its Motion to Dismiss, all of its co-defendants (the "Debtor Defendants") have filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Now, this Court has transferred Plaintiffs' claims against the Debtor Defendants to be heard before Judge Walsh of the United States Bankruptcy Court for the District of Delaware. However, the claim against Kinderhook — a mere indirect and partial investor in the now-bankrupt Blitz U.S.A., Inc. ("Blitz") — remains, leaving Kinderhook as the sole Defendant in this proceeding, against whom alleged liability is based exclusively upon a derivative piercing the corporate veil claim between Kinderhook and the Debtor Defendants.

In their first day motions in the bankruptcies, the Debtor Defendants sought a temporary restraining order enjoining litigation against co-defendants such as Kinderhook. Judge Walsh, while denying the specific relief sought, recommended that Kinderhook seek stays from the individual District Court Judges — and recommended that the District Court Judges grant those stays. In Judge Walsh's words:

> I would say to the judge, "I'm going to be highly prejudiced by [the Debtor Defendants] dropping out, because that means that I have to try this matter twice." If I were the judge, I would say, "Stay. Put them on a hold, 3 months, 6 months, see what happens in the bankruptcy."

*See* Declaration of Wendy M. Warren, Ex. A p. 47.

Precisely for the reasons Judge Walsh identified, Kinderhook respectfully submits this motion to transfer or stay as an alternative to its pending Motion to Dismiss. Plaintiffs' sole claim against Kinderhook turns on whether Plaintiffs can establish liability against Blitz. Given such identity of interest between Blitz and Kinderhook with respect to this suit, the Bankruptcy Code's automatic stay provisions should extend to Plaintiffs' claim against Kinderhook. To

proceed with Plaintiffs' claim against Kinderhook without the participation of the Debtor Defendants would risk exposing Kinderhook and the Debtor Defendants to multiple trials of identical issues and inconsistent judicial determinations, resulting in a waste of judicial resources. Accordingly, even if the claim against Kinderhook does not warrant dismissal — and, for all the reasons set forth in Kinderhook's Motion to Dismiss, it does — the claim should be transferred to Delaware or, in the alternative, this case should be stayed pending resolution of the Debtor Defendants' bankruptcy.

## FACTS

The pertinent facts pre-dating the Debtor Defendants' bankruptcy petitions are set forth in Kinderhook's Motion to Dismiss. [ECF No. 81.] On November 9, 2011, citing the burden of multiple product liability suits, Blitz and its subsidiaries and parents, including Defendants LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, and Blitz RE Holdings, LLC (*i.e.*, the Debtor Defendants) filed for bankruptcy protection in the United States Bankruptcy Court of the District of Delaware under Chapter 11 of the Bankruptcy Code. By operation of the "automatic stay" provisions set forth in 11 U.S.C. § 362(a), all proceedings against the Debtor Defendants were stayed at the time the bankruptcy petitions were filed. *See* Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings. [ECF No. 91.]

On November 29, 2011, this Court ordered that all claims against the Debtor Defendants be transferred to the Delaware Bankruptcy Court [ECF. No. 94], leaving Kinderhook as the sole Defendant in this proceeding.

3

## ARGUMENT

I. **IF THE CLAIM AGAINST KINDERHOOK IS NOT DISMISSED, IT SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1412 OR 28 U.S.C. § 1404**

If the Court decides not to dismiss Plaintiffs' claim against Kinderhook, the claim against Kinderhook should be transferred to Delaware pursuant to 28 U.S.C. §§ 1412 or 1404(a). This Court has broad discretion to grant a transfer under both of these sections, s*ee, e.g., Dwight v. Titlemax of Tenn., Inc.*, No. 1:09-CV-267, 2010 WL 330339, at *2 (E.D. Tenn. Jan. 21, 2010); *Flight Solutions, Inc. v. Club Air, Inc.*, No. 3:09-CV-1155, 2010 WL 276094, at *2 (M.D. Tenn. Jan. 14, 2010), and, under either standard, the circumstances of this case weigh strongly in favor of transfer.

A. **Transfer Pursuant To 28 U.S.C. § 1412 Is Appropriate Because The Claims Against Kinderhook Are Related To The Blitz Bankruptcy Proceeding**

This Court has authority to transfer the claim against Kinderhook to Delaware under § 1412 because the claim is "related to" the Debtor Defendants' Chapter 11 bankruptcy proceeding and because such a transfer would be in the interests of justice and more convenient to all parties. *Dwight*, 2010 WL 330339 (applying § 1412 to action related to bankruptcy proceeding and granting defendant's motion to transfer to court where bankruptcy proceedings were taking place). The considerations of § 1412 are disjunctive and thus Kinderhook need only show that transfer of the claim against Kinderhook to Delaware is supported *either* by the "interest[s] of justice" *or* "the convenience of the parties." S*ee id.* at *2. Nevertheless, in this instance, both of these considerations are met.

The claim against Kinderhook is "related to" the Debtor Defendants' bankruptcy proceeding because the outcome of the claim "could conceivably have any effect on *the* estate being administered in bankruptcy." *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 583 (6th Cir. 1990). There is no requirement that a "related" proceeding directly involve the debtor or the

debtor's property; instead, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Plaintiffs' veil piercing claim against Kinderhook, which would necessitate an initial finding of liability on behalf of Blitz and the other Debtor Defendants before it can go forward, undoubtedly implicates the Debtor Defendants' rights and liabilities and is therefore "related to" the bankruptcy proceedings and subject to § 1412.

Moreover, such a transfer is required in the interests of justice because both the bankruptcy proceeding and all underlying claims are now located in Delaware. "[C]ourts have recognized a 'strong presumption' that the proper venue for a case 'related to' a bankruptcy proceeding is the district in which the bankruptcy proceeding is pending." *Mello v. Hare, Wynn, Newell & Newton, LLP*, No. 3:10-cv-243, 2010 WL 2253535, at *3 (M.D. Tenn. May 30, 2010) ("Many courts have held that the most important factor to be considered in determining whether to transfer venue of a bankruptcy proceeding under the interest-of-justice prong is whether transfer would promote the economic and efficient administration of the bankruptcy estate. (Citation omitted). *Id.* at *4); *see also Dwight*, 2010 WL 330339, at *2 ("The district in which the bankruptcy case is pending is presumed to be the appropriate venue to preside over proceedings in the bankruptcy case."). Where, as here, any potential liability on the part of Kinderhook is solely contingent on a finding of liability against Blitz and the other Debtor Defendants, issues of liability and damages for strict liability and negligence will need to be fully adjudicated with respect to Blitz and the other Debtor Defendants before the issue of "piercing the corporate veil" can be considered. Because the cases against the Debtor Defendants have been transferred to Delaware, the practical and efficient next step is to transfer the case against

5

Kinderhook to Delaware as well. If the claim against Kinderhook is not transferred to the court hearing the underlying claims, there is a substantial possibility of duplicative or inconsistent obligations or rulings. Such inconsistencies could, as a practical matter, prejudice the ability of the Bankruptcy Court to protect the interests of the estates of the Debtor Defendants and, by proxy, their creditors.

The convenience of the parties also weighs strongly in favor of transfer. All parties to the suit, except for Kinderhook, are currently involved in litigation in Delaware following this Court's order transferring all claims against the Debtor Defendants to Delaware on November 29, 2011. Thus, compelling the same parties to litigate claims involving identical underlying allegations on two fronts, in both Delaware and Tennessee, would greatly inconvenience all parties involved. Kinderhook — the sole party to the suit not obligated to litigate in both Delaware and Tennessee — seeks this transfer because it has no connection whatsoever to Tennessee and would find Delaware a more convenient forum. Given that there are no witnesses, evidence, or activities related to the alleged veil piercing claim located in Tennessee, there is simply no justification for maintaining this claim in a Tennessee Court while the related claims are litigated in Delaware.

**B.    Transfer Is Appropriate Even Under The Stricter Test of 28 U.S.C. § 1404**

Should the court instead apply 28 U.S.C. § 1404(a), circumstances still weigh strongly in favor of transfer. Section 1404(a) similarly allows a court to "transfer any civil action to any other district or division where it might have been brought" and "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

As detailed above, both the "interest of justice" and "convenience of the parties and witnesses" support transfer to Delaware. Related cases involving both parties are currently pending in that forum, and Delaware is significantly more convenient than Tennessee for

6

Case 1:10-cv-00115   Document 96   Filed 12/22/11   Page 10 of 16 PageID #: 514

Kinderhook and virtually all potential witnesses to Kinderhook's alleged actions. *See Clayton v. Heartland Resources, Inc.*, No. 3:08–cv–0513, 2008 WL 2697430, at *6 (M.D. Tenn. June 30, 2008) (granting § 1404 transfer where there were suits already pending against defendants in proposed forum involving similar facts and claims). While Plaintiff's choice of forum is given weight, that choice is less significant where parties are already litigating against each other in the transferee forum. *See United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987 (W.D. Tenn. 2010) (granting defendants' § 1404(a) motion to transfer venue where there were similar actions pending against it by the same plaintiff in proposed forum). Because Plaintiffs here are already obligated to litigate the majority of their claims in Delaware, they will not be prejudiced if the sole remaining Tennessee claim is also transferred to Delaware.

## II. IF THE CLAIM AGAINST KINDERHOOK IS NOT DISMISSED OR TRANSFERRED, IT SHOULD BE STAYED

If the Court decides not to dismiss or transfer Plaintiffs' claim against Kinderhook, these proceedings should nevertheless be stayed pursuant to section 362(a)(1) of the United States Bankruptcy Code or, in the alternative, the Court should exercise its inherent power to control its docket and stay these proceedings in the interests of justice and judicial economy.

### A. If The Claim Against Kinderhook Is Not Dismissed Or Transferred, It Should Be Stayed Pursuant To 11 U.S.C. § 362(a)

These proceedings should be stayed pursuant to section 362(a)(1) of the United States Bankruptcy Code, which imposes an "automatic stay" prohibiting parties from undertaking certain actions against a bankruptcy debtor and/or its property, including an automatic stay of all actions and proceedings against the debtor or any attempt to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a). The prohibition against the commencement or continuation of litigation against a bankruptcy debtor prevents the continuation of litigation against a third-party, such as

7

Kinderhook, when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also S. Operators Health Fund v. Ray Anthony Int'l, LLC*, No. 3:10-0518, 2010 WL 4054272 (M.D. Tenn. Oct. 15, 2010). There is just such an identity of interest here.

Extending the automatic stay as to a lone non-debtor defendant is wholly appropriate under these circumstances, as has been previously held by this Court. In *South Operators Health Fund*, the Court administratively closed the action — despite Plaintiffs' opposition — because the action was automatically stayed as to two of the three defendants. *Id.* at *1. The Court held that the automatic stay extended to the third defendant, a corporate officer of one of the debtors, because "[a]ny action taken against a non-debtor that would inevitably have an adverse impact upon the property of the bankruptcy estate is barred by the automatic stay." *Id.* at *3. Allowing this suit to go forward solely with respect to Kinderhook would inevitably have an adverse impact on the estates of the Debtor Defendants and would prejudice both Debtor Defendants and Plaintiffs by bifurcating the claims and causing all parties to litigate the same issues in two fora. Given that Plaintiffs' claim against Kinderhook hinges on their underlying claims against the Debtor Defendants, the Debtor Defendants may find themselves bound by this Court's judgment on Plaintiffs' claim against Kinderhook, despite the fact that claims against the Debtor Defendants have been transferred to Delaware. *See In re W.R. Grace & Co.*, 386 B.R. 17, 32 (Bankr. D. Del. 2008) (granting stay as to non-debtor defendants where the overlap of issues in the two proceedings would "duplicate expenses and unnecessarily divert if not deplete the resources and assets of the estate"). In addition, assuming *arguendo* that any determination of

8

liability was made against Kinderhook, Kinderhook could seek indemnification for any damages from the Debtor Defendants. *See In re Continentalafa Dispensing Co.*, 403 B.R. 653, 659 (Bankr. E.D. Mo. 2009) (extending automatic stay to non-debtor parent company of debtors because any action taken against the parent company would "significantly affect Debtors who are protected under the automatic stay").

Moreover, the proceedings should be stayed because the claim against Kinderhook is one that courts routinely include within the automatic stay. A corporate veil piercing claim against a non-debtor defendant falls within the stay provisions because such a claim merely seeks to "impose liability on the shareholder for the corporation's debts [and] is *not* an independent claim or cause of action." *In re Fiddler's Creek*, *LLC*, No. 9:10-bk-03846-ALP, 2010 WL 6618876, at *2 (Bankr. M.D. Fla. Sept. 15, 2010) (enforcing automatic stay as to shareholders) (emphasis in original); *see also Sudbury, Inc. v. Escott (In re Sudbury, Inc.)*, 140 B.R. 463, 463 (Bankr. N.D. Ohio 1992) (enforcing the automatic stay as to non-debtor co-defendants with alleged derivative liability because "it is not plausible that the defendants in these actions could be found liable to Plaintiffs except on facts that would impose liability on the Debtor" and thus the "Debtor asserts credibly that under these circumstances its liability may be determined on collateral estoppel principles in Plaintiffs' actions"); *Mazur v. U.S. Air Duct Corp. (In re U.S. Air Duct Corp.)*, 8 B.R. 848 (Bankr. N.D.N.Y. 1981) (staying claims against co-defendant that were identical to those that could be asserted against the debtor); *Fed. Life Ins. Co. v. First Fin. Grp. of Tex., Inc.*, 3 B.R. 375, 376 (S.D. Tex. 1980) (staying claims in pre-petition lawsuit against debtor and non-debtor co-defendants because allegations "are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding" and to allow case to proceed

9

"would not be conducive to judicial economy and would unduly hinder the efforts of the Bankruptcy Court").

Consequently, Plaintiffs' claim against Kinderhook, if not dismissed or transferred, should be stayed pursuant to 11 U.S.C. § 362(a)(1) pending resolution of the bankruptcy.

## B.  The Claim Against Kinderhook Should Be Stayed In The Interest Of Judicial Efficiency

In the alternative, the Court should exercise its inherent discretionary power to control its docket and stay these proceedings pending resolution of the related bankruptcy as required by the interests of justice and judicial economy. *Nilssen v. Universal Lighting Techs., Inc.*, No. 3:04-0080, 2006 WL 38909, at *2 (M.D. Tenn. Jan. 5, 2006), citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings [is] incidental to the power inherent in every federal court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Ellis v. Merck & Co.*, No. 06-1005-T/AN, 2006 WL 448694 (W.D. Tenn. Feb. 19 2006) (staying proceedings pending the resolution of related proceedings).

A stay in the interests of justice and judicial economy is appropriate for all the reasons given in Section I, *supra*. In particular, the prejudice to all parties by being forced to litigate in two fora could be avoided altogether by simply staying this action until a resolution has been reached by the Delaware Court, which now has jurisdiction over the underlying claims. *Jones v. Lewis*, No. 06-1051-T/AN, 2006 WL 1006881, at *1 (W.D. Tenn. Apr. 17, 2006) (granting defendants' motion to stay to "promote judicial economy and conserve judicial resources" where "the risk to the defendants of duplicative motions and discovery is substantial" while "prejudice to the plaintiffs resulting from a stay would not be significant"). Plaintiffs, meanwhile, will not suffer any prejudice in light of a stay against Kinderhook as they have an alternative avenue for

adjudicating claims against the Debtor Defendants and need not rely upon a decision in this Court. As a practical matter, staying the case against Kinderhook would allow the Debtor Defendants and the Delaware Court time to determine how these claims should proceed, and how best any judgment might be satisfied, in light of the various procedural and financial issues that the Debtor Defendants must now confront, while causing no significant prejudice to Plaintiffs.

## CONCLUSION

In view of the foregoing, Kinderhook respectfully submits that these proceedings, if not dismissed as to Kinderhook, should be transferred pursuant to 28 U.S.C. § 1412 and 28 U.S.C. § 1404 or, in the alternative, stayed pursuant to 11 U.S.C. § 362(a) and the Court's inherent power to manage its docket.

Dated: December 22, 2011

**BASS, BERRY & SIMS PLC**

       */s/* Wendy M. Warren
Wallace W. Dietz (#009949)
Wendy M. Warren (#021880)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-0417


**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Timothy P. Harkness (admitted Pro Hac Vice)
Pamila Gudkov (admitted Pro Hac Vice)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Defendant Kinderhook Capital Fund II, L.P.*

## CERTIFICATE OF SERVICE

       I do hereby certify I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 22nd day of December, 2011, which will send a notice of electronic filing to the following:

    David Jones, Esq.
    Logan & Lowry, LLP
    102 East 3rd Street
    Grove, OK 74345-2469

    Hank Anderson, Esq.
    Anderson Law Firm
    4245 Kemp Blvd.
    Suite 810
    Wichita Falls, TX 76308

    Daniel L. Clayton, Esq.
    Randall L. Kinnard, Esq.
    Kinnard, Clayton & Beveridge
    127 Woodmont Boulevard
    Nashville, TN 37201


                                          /s/     Wendy M. Warren
                                          Wendy M. Warren