IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DYLAN J. TREVINO, A MINOR, SUING BY HIS NEXT FRIEND AND GUARDIAN, DIANA TREVINO, and DIANA TREVINO, INDIVIDUALLY, <br><br> Plaintiffs, <br> v. <br><br> BLITZ U.S.A., INC., LAM 2011 HOLDINGS, LLC, f/k/a BLITZ HOLDINGS, LLC; KINDERHOOK CAPITAL FUND II, L.P.; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISITION, LLC; and BLITZ RE HOLDINGS, LLC, <br><br> Defendants. | 1:10-cv-0115 <br> JURY DEMAND <br><br> JUDGE HAYNES |

## OBJECTIONS AND RESPONSES OF DEFENDANT BLITZ USA, INC. TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to the federal rules of civil procedure, Defendant Blitz U.S.A., Inc. ("Blitz") serves the following objections and responses to Plaintiffs' Second Request for Production of Documents.

## PRELIMINARY STATEMENT

This is a product liability lawsuit where Plaintiffs, Dylan and Diana Trevino, allege that on December 23, 2009, Plaintiff Dylan Trevino, a minor, was injured while using a portable plastic gasoline container to rekindle or accelerate a fire in or near his home in Spring Hill, Tennessee. *See* Pls.' Compl. at ¶¶ 6–7. Plaintiffs assert several claims alleging that the gasoline container—which Plaintiffs allege was a Model 50810 gasoline container manufactured by Blitz—was defectively designed.

Blitz U.S.A. is a corporation in the business of designing and manufacturing gas cans. It is a privately held company with a hundred or so employees, mostly on the manufacturing floor, in rural Miami, Oklahoma. Blitz U.S.A. is the only proper Party-Defendant to this suit. None of Blitz U.S.A.'s parent companies design, manufacture, test, sell, or supply products, including the gasoline container at issue in this lawsuit, and are not proper party-Defendants in this case. This suit does not involve, in any way Blitz Holdings, L.L.C., Blitz Acquisition Holdings, Inc., Blitz Acquisition, L.L.C., or Kinderhook Capital Fund II L.P—the entities targeted by Plaintiff's discovery requests, who were only recently added as parties without responsive briefing on the matter by Blitz and who have not yet answered or otherwise responded in this case under an agreement among the parties providing for a November 7, 2011 extension.

Discovery in this case is taking place against a broader backdrop of other litigation. In response to these and other cases, most including Plaintiffs' counsel of record, his co-counsel in other cases, or affiliated counsel, Blitz U.S.A. has been responding to a number of discovery requests along the lines of those served here—<u>several hundred</u> individual requests for production have been served. Blitz U.S.A. looked at all the discovery requests that were conceivably within the proper scope of discovery, as well as the allegations across all the cases, and searched for documents to address the issues raised. The documents collected, reviewed, and prepared for production have been produced in all of these cases (plaintiff's counsel's earlier complaints included that some counsel might be getting documents others were not). So, the document production includes documents that have nothing to do with this case, but are being produced anyway at counsel's request. Accordingly, the discovery here more closely resembles pretrial discovery in multidistrict litigation than a typical single products liability case.

In accordance with Blitz's counsel's transmittal letter accompanying the document production in those cases, Blitz has collected documents from key custodians, key company files, and computer servers and hard drives likely to contain potentially relevant documents. With regard to the vast amount of Electronically Stored Information collected, Blitz formulated an appropriate keyword search across the universe of electronic documents to identify potentially relevant documents for discovery purposes. Those electronic documents that "hit" with search terms, like all hard copy documents collected, were reviewed for responsiveness, privilege, and confidentiality. Potentially responsive, non-privileged documents have been produced as they are kept in the usual course of business and in a reasonably accessible format that is text-searchable (among other features), once loaded into a database. To the extent plaintiff's Requests for Production and other discovery requests would impose undue burden beyond the massive effort that has already been undertaken—totaling several thousand hours of attorney and manager review time at a cost of almost a million dollars—Blitz objects to those requests and has produced documents within the scope outlined above and in its correspondence.

Blitz also notes that these Requests seek production of documents that contain trade secrets, or other proprietary and/or confidential research, development, or commercial information. A protective order of confidentiality has not yet been entered in this case. The documents referenced below have been produced in other cases and will be deemed produced in this case upon entry of an appropriate protective order of confidentiality.

Discovery in this case is ongoing. In responding to Plaintiffs' Requests, Blitz responds with this background in place, and subject to the scope of Plaintiffs' asserted claims. Blitz reserves the right to supplement its responses and/or further respond as required by Federal or local rules.

3
Case 1:10-cv-00115 Document 115-1 Filed 02/09/12 Page 3 of 12 PageID #: 1186

## OBJECTION TO PLAINTIFFS' REQUESTED FORM OF PRODUCTION

Blitz objects to Plaintiffs' request that all electronically stored information ("ESI") be produced in its native form and to Plaintiffs' request that all hard copy documents be produced in "Portable Document Format (PDF) version 1.6." As plaintiffs' counsel is well aware, Blitz has produced electronic and hard copy documents to plaintiffs' counsel in other cases as they were kept in the usual course of business and in a reasonably useable format. Specifically, Blitz scanned all hard-copy documents to a Group IV multiple-page "TIFF" format.[1] With respect to ESI, Blitz imaged native electronic documents in a Group IV compression multiple-page "TIFF" image that reflects how the source document would have appeared if printed from a printer attached to a computer viewing the file.[2] Blitz produced these single-page TIFF images along with a delimited text cross reference file (.dat), an Opticon file (.opt), an .lfp file for image loading purposes, and a Summation .dii file. Blitz has provided these documents in a text-searchable electronic format that, once loaded into a litigation-support database, allows plaintiffs' counsel to sort the documents in numerous ways.

---

[1] Load files that accompany TIFF images of hard copy documents contain the following fields: (1) beginning document bates number (BEGPROD); (2) ending document bates number (ENDPROD); and (3) custodian. Blitz has provided a separate OCR file for each hard copy document, which allows for the produced items to be searched by text at the document level.

[2] Load files that accompany TIFF images of ESI contain metadata that corresponds to the electronic file. The metadata fields provided include: beginning bates number; ending bates number; beginning bates number of an attachment; ending bates number of an attachment; number of attachments; source; date last modified; path; file name; file extension; date sent/received (email); subject (email); from (email); cc (email); bcc (email) file system create date; author; company; revision number; comments; page count; title; category; revision history; edit time; application; file size; confidential; and last saved by. Certain electronic documents were specially processed as follows: (1) Microsoft Excel spreadsheets were converted to TIFF images as follows: user-defined print areas were removed; all columns, rows, and sheets were unhidden and expanded; outlines/groupings were expanded; each sheet was printed to TIFF across (left to right) first and then down; and blank pages were removed as possible; (2) Microsoft PowerPoint presentations or slide shows were converted to TIFF as follows: background was turned off so all text is visible, if any slide in the presentation contained speakers' notes, all slides in the presentation were printed to TIFF in PowerPoint's Notes view, otherwise, each slide was printed to TIFF in Slide view (one slide per page); (3) any autodate macros within any electronic documents were indicated as "<autodate>." Where Blitz encountered difficulties in converting any files to TIFF images, it produced such files in native format.

TIFF images are the most usable and reasonable format for production for the following reasons, among others:

- TIFF images provide a clear image of how the original electronic document appeared, like a photocopy.
- TIFF images are easily tracked, are very usable and stable.
- TIFF images can be easily loaded to a database.
- The full text field of the load file allows fast and easy searching across a full collection of documents. This approach is much easier and faster than searching across a variety of native file formats.
- TIFF images allow proper Bates numbering and consistent pagination for exhibits.
- TIFF images eliminate the risk of inadvertent modification of information and reduce the risk of manipulation of information.

In contrast, native production of ESI poses risks to the parties. Some potential problems include the following: (1) native files are easily altered, either by mistake or intentionally; (2) bates stamping and adding confidentiality legends to native documents alters the file and changes metadata; (3) print-outs of native files paginate differently on different printers; and (4) nonresponsive and privileged emails cannot be segregated from native productions of email databases without modifying the underlying database. In addition to the foregoing objections, *see* Preliminary Statement.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Blitz objects to any "definition" or "instruction" that attempts to expand or alter Blitz's obligations in responding to discovery.

2.  Blitz objects to the definition of the terms "you," "your," and "Defendant" in explicitly including "consultants, attorneys, or any other past or present consultants or advisors to Blitz U.S.A., Inc." Accordingly, where the terms "you," "your" and/or "Defendant" are used in these Requests, Blitz will limit its responses to the party-Defendant, entity Blitz U.S.A., Inc., consistent with the Federal Rules of Civil Procedure. Blitz further objects that the definition is

overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection. In addition, Blitz objects to this definition to the extent that it would call for Blitz to provide documents not within the possession of Blitz U.S.A. Blitz objects that the definitions are unduly burdensome in purporting to require Blitz to inquire of all of the individuals encompassed in the definitions in answering these Requests for Production.

3. Blitz objects to the definitions of the term "documents" as being overly broad to the extent that the definitions are inconsistent with or enlarge the scope of permissible discovery under the Federal Rules of Civil Procedure and/or applicable local rules and to the extent that the definitions would require Blitz to extract or recover electronic or magnetic data that is inaccessible or would require extraordinary costs and efforts to retrieve. Blitz has described the scope of its document collection and production in communications with counsel. *See* Preliminary Statement.

## OBJECTIONS AND RESPONSES TO REQUESTS OR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents regarding any transfer of assets from Blitz U.S.A., Inc. to F3 Brands, LLC beginning from May 1, 2011 through the date of your response to this request.

**RESPONSE**: Blitz objects that the Request for "all" documents on an issue is unduly burdensome and that its search obligations are limited by principles of reasonableness. Blitz also objects that the Request is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Blitz further objects that the phrase "transfer of assets," as used in this Request, is vague, ambiguous, and undefined. Blitz also objects that the Request is

PLAINTIFF'S EXHIBIT A

argumentative in assuming any such "transfer of assets" occurred. Blitz additionally objects that the Request is not limited to any relevant period in time. Finally, Blitz objects that the Request seeks documents regarding transfers of assets from Blitz U.S.A., Inc. to F3 Brands, LLC, without reference to any of the issues in this case. On these grounds, the Request is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 2:** All documents regarding any transfer of assets from Blitz U.S.A., Inc. to Blitz Acquisition, LLC beginning from September 1, 2007 through the date of your response to this request.

**RESPONSE:** Blitz objects that the Request for "all" documents on an issue is unduly burdensome and that its search obligations are limited by principles of reasonableness. Blitz also objects that the Request is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Blitz also objects that the Request is argumentative in assuming any such "transfer of assets" occurred. Blitz additionally objects that the Request is not limited to any relevant period in time. Finally, Blitz objects that the Request seeks documents regarding transfers of assets from Blitz U.S.A., Inc. to Blitz Acquisition, LLC, without reference to any of the issues in this case. On these grounds, the Request is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Blitz states there has been no transfer of assets

7
Case 1:10-cv-00115 Document 115-1 Filed 02/09/12 Page 7 of 12 PageID #: 1190

between Blitz U.S.A., Inc. and Blitz Acquisition, LLC, and there are therefore no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:** All documents regarding any transfer of assets from Blitz U.S.A., Inc. to LAM 2011 Holding, LLC (f/k/a Blitz Holdings, LLC) beginning from September 1, 2007 through the date of your response to this request.

**RESPONSE**: Blitz objects that the Request for "all" documents on an issue is unduly burdensome and that its search obligations are limited by principles of reasonableness. Blitz also objects that the Request is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Blitz further objects that the phrase "transfer of assets," as used in this Request, is vague, ambiguous, and undefined. Blitz also objects that the Request is argumentative in assuming any such "transfer of assets" occurred. Blitz additionally objects that the Request is not limited to any relevant period in time. Finally, Blitz objects that the Request seeks documents regarding transfers of assets from Blitz U.S.A., Inc. to LAM 2011 Holding, LLC (f/k/a Blitz Holdings LLC), without reference to any of the issues in this case. On these grounds, the Request is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Blitz states there has been no transfer of assets between Blitz U.S.A., Inc. and LAM 2011 Holding, LLC (f/k/a Blitz Holdings LLC), and there are therefore no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** All documents regarding any transfer of assets from Blitz U.S.A., Inc. to Kinderhook Capital Fund II, LP beginning from September 1, 2007 through the date of your response to this request.

**RESPONSE:** Blitz objects that the Request for "all" documents on an issue is unduly burdensome and that its search obligations are limited by principles of reasonableness. Blitz also objects that the Request is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Blitz further objects that the phrase "transfer of assets," as used in this Request, is vague, ambiguous, and undefined. Blitz also objects that the Request is argumentative in assuming any such "transfer of assets" occurred. Blitz additionally objects that the Request is not limited to any relevant period in time. Finally, Blitz objects that the Request seeks documents regarding transfers of assets from Blitz U.S.A., Inc. to Kinderhook Capital Fund II, LP, without reference to any of the issues in this case. On these grounds, the Request is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Blitz states there has been no transfer of assets between Blitz U.S.A., Inc. and Kinderhook Capital Fund II, LP, and there are therefore no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:** All documents regarding any transfer of assets from Blitz U.S.A., Inc. to Blitz RE Holdings, LLC beginning from September 1, 2007 through the date of your response to this request.

**RESPONSE**: Blitz objects that the Request for "all" documents on an issue is unduly burdensome and that its search obligations are limited by principles of reasonableness. Blitz also objects that the Request is overly broad to the extent it seeks information or material that is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Blitz further objects that the phrase "transfer of assets," as used in this Request, is vague, ambiguous, and undefined. Blitz also objects that the Request is argumentative in assuming any such "transfer of assets" occurred. Blitz additionally objects that the Request is not limited to any relevant period in time. Finally, Blitz objects that the Request seeks documents regarding transfers of assets from Blitz U.S.A., Inc. to Blitz RE Holdings, LLC, without reference to any of the issues in this case. On these grounds, the Request is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Blitz states there has been no transfer of assets between Blitz U.S.A., Inc. and Blitz RE Holdings, LLC, and there are therefore no documents responsive to this Request.

Respectfully Submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By: *signature*
John R. Tarpley, BPR No. 9661
jtarpley@lewisking.com
David A. Changas, BPR No. 20679
dchangas@lewisking.com
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, TN 37219
Tel: 615-259-1366
Fax: 615-259-1389

SHOOK, HARDY & BACON, L.L.P

By: *Mark C. Hegarty* (by John C. Jarrell with permission)
Mark C. Hegarty
Douglas S. Beck
Adrienne Hernandez
2555 Grand Blvd.
Kansas City, MO 64108-2613
Phone: 816-474-6550
Fax: 816-421-5542

**ATTORNEYS FOR DEFENDANT
BLITZ U.S.A., INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record by placing postage prepaid envelopes in the United States Mail, and by sending document via facsimile to:

David Jones, Esq.
Logan & Lowry, LLP
102 East 3rd Street
Grove, OK 74345-2469

Wallace W. Dietz, Esq
Wendy M. Warren, Esq.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Pamila Gudkov, Esq.
Timothy P. Harkness, Esq.
Freshfields Bruckhaus Deringer US, LLP
601 Lexington Ave.
New York, NY 10022

Hank Anderson, Esq.
Anderson Law Firm
4245 Kemp Blvd.
Suite 810, Wichita Falls, TX 76308

Daniel L. Clayton, Esq.
Randall L. Kinnard, Esq.
Kinnard, Clayton & Beveridge
127 Woodmont Boulevard
Nashville, TN 37201

This the 26th day of October, 2011.

*John R. Day* (signature)