IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
<u>COLUMBIA DIVISION</u>

| | |
|---|---|
| DYLAN J. TREVINO, A Minor, Suing )<br>By his Next Friend and Guardian, DIANA )<br>TREVINO, and DIANA TREVINO, )<br>Individually, )<br>)<br>   Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>)<br>KINDERHOOK CAPITAL FUND II, L.P.; )<br>and KINDERHOOK INDUSTRIES, LLC. )<br>)<br>   Defendants. ) | <br><br><br><br><br><br><br><br>Civil Action No. 1:10-cv-00115<br>JUDGE HAYNES<br><br><br><br><br><br>JURY DEMANDED |

**SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS
KINDERHOOK INDUSTRIES, LLC. AND KINDERHOOK CAPITAL FUND II,
L.P.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

  COME NOW Plaintiffs, DYLAN J. TREVINO, A Minor, Suing by his Next Friend and Guardian, DIANA TREVINO and DIANA TREVINO, Individually, and respectfully submit their surreply in opposition to the Kinderhook Defendants' motion to dismiss.

**I. ARGUMENT**

  **A. THE EXHIBITS CITED IN DOCKET NO. 109 ARE PROPERLY BEFORE THIS COURT UNDER WELL ESTABLISHED SIXTH CIRCUIT PRECEDENT**

  The Kinderhook Defendants begin their reply memorandum by alleging that the Trevinos have attempted to "rewrite their pleadings" by citing to documents they *neither*



***referred to nor incorporated*** in their Second Amended Complaint for Damages.[1] In their usual style of staying on the surface, the Defendants notably fail to identify the specific exhibits they contend are improperly before the Court, nor do they call into question the accuracy or authenticity of any of the exhibits contained in Docket No. 109. *See Awrey v. Gilbertson*, 2011 WL 2312175, *1, n. 1 (E.D.Mich. Jun. 9, 2011).

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997). There are, however, exceptions to this general rule. A district court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Additionally, matters of public record may also be considered as well. *See Commercial Money Center, Inc. v. Illinois Union Insurance Co.,* 508 F.3d 327, 336 (6th Cir.2007); *Melville Capital, LLC v. Tennessee Commerce Bank*, 2011 WL 6888476, *2 (M.D.Tenn. Dec. 29, 2011). Finally, Sixth Circuit precedent clearly allows a district court to consider material "not formally incorporated by reference or attached to a complaint" when that material "is referred to in the complaint and is central to the plaintiff's claim..." *See Greenberg v. Life Ins. Co. of Virginia,* 177 F. 3d 507, 514 (6th Cir.1999) (internal citations and quotations omitted).

As the chart below clearly demonstrates, the material cited to in Docket No. 109 complies with Sixth Circuit precedent.

---

[1] *See* Docket No. 118 at 2, n. 2. The Kinderhook Defendants failure to acknowledge and account for the documents *actually* cited to and incorporated in the Second Amended Complaint was most likely an inadvertent oversight and not an intentional effort to mislead the Court.

| Docket No. 109 | Document Title | Citation/Reference in Second Amended Complaint | Type of Record |
|---|---|---|---|
| Exhibit No. 1 | Declaration of Rocky Flick | ¶ 85 & ¶ 80-B | Bankruptcy Filing |
| Exhibit No. 2 | Complaint - *Hart v. Blitz U.S.A., Inc., et al.* | ¶ 29 | Court Filing |
| Exhibit No. 3 | BLUSA000103018 | ¶ 68 | Discovery Document |
| Exhibit No. 4 | Certificate of Amendment - Blitz Holdings, LLC | ¶ 83 | Public Record |
| Exhibit No. 5 | Certificate of Formation - Blitz Holdings, LLC | ¶ 62 | Public Record |
| Exhibit No. 6 | Certificate of Incorporation - Blitz Acquisition Holdings, Inc | ¶ 63 | Public Record |
| Exhibit No. 7 | Certificate of Formation - Blitz Acquisition, LLC | ¶ 65 | Public Record |
| Exhibit No. 8 | Certificate of Formation - Blitz RE Holdings, LLC | ¶ 64 | Public Record |
| Exhibit No. 9 | List of Equity Security Holders - LAM 2011 Holdings, LLC | ¶ 90-M | Bankruptcy Filing |
| Exhibit No. 10 | Special Warranty Deed | ¶ 66 | Public Record |
| Exhibit No. 11 | Memorandum of Lease | ¶ 67 | Public Record |
| Exhibit No. 12 | Declaration of M. Daniel Smith | ¶ 90-M | Bankruptcy Filing |
| Exhibit No. 16 | Voluntary Petition - Blitz Acquisition Holdings, Inc. | ¶ 89 & ¶ 80-A | Bankruptcy Filing |
| Exhibit No. 17 | Voluntary Petition - Blitz Acquisition, LLC | ¶ 89 & ¶ 80-A | Bankruptcy Filing |
| Exhibit No. 18 | Voluntary Petition - Blitz U.S.A., Inc. | ¶ 89 & ¶ 80-A | Bankruptcy Filing |
| Exhibit No. 19 | Voluntary Petition - Blitz RE Holdings, LLC. | ¶ 89 & ¶ 80-A | Bankruptcy Filing |
| Exhibit No. 20 | Voluntary Petition - F3 Brands, LLC | ¶ 89 & ¶ 80-A | Bankruptcy Filing |
| Exhibit No. 21 | Rocky Flick Deposition | ¶ 80-F & ¶ 90-F | Deposition |
| Exhibit No. 23 | BLUSA000124964 | ¶ 80-D | Discovery Document |
| Exhibit No. 24 | BLUSA000092759 | ¶ 68 | Discovery Document |
| Exhibit No. 25 | TREVINO-TPG000951 | ¶ 80-J & ¶ 90-J | Discovery Document |
| Exhibit No. 26 | BLUSA000083798-808 | ¶ 80-G & ¶ 90-G | Discovery Document |
| Exhibit No. 27 | Blitz U.S.A., Inc. Insurance Coverage (Policy period: 07/31/2006 - 07/31/2007) | ¶ 80-G & ¶ 90-G | Discovery Document |

### B. THE TREVINOS REQUEST FOR FURTHER DISCOVERY COMPORTS WITH SIXTH CIRCUIT PROTOCOL REGARDING A RULE 12(b)(2) MOTION TO DISMISS

The Sixth Circuit has articulated a well-defined protocol for district courts to follow in their disposal of Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271-72 (6th Cir.1998). Once the court is presented with a properly supported 12(b)(2) motion and opposition, it has four procedural alternatives: (i) The district court may determine the motion on the basis of affidavits alone; (ii) it may permit discovery in aid of the motion; (iii) it may conduct an evidentiary hearing on the merits of the motion; or (iv) it may reserve its decision until trial. *Id.; Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989). If the district court chooses to rule on the motion without conducting an evidentiary hearing, it "does not weigh the controverting assertions of the party seeking dismissal." *Id.* (quoting *Theunissen*, 935 F.2d at 1459). The Sixth Circuit has determined that "[a]ny other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Serras*, 875 F.2d at 1214. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff [ ] alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe*, 89 F.3d at 1262. Without holding an evidentiary hearing, the Court cannot consider the Affidavit of Louis Aurelio [Docket No. 114-1], which is the only evidence relied upon by the Kinderhook Defendants in their Rule 12(b)(2) motion to dismiss.

The *Dean* case is instructive because, like the case at bar, the main disputed jurisdictional fact was the level of control exercised by a parent corporation over a

subsidiary corporate entity. *Dean*, 134 F.3d at 1273. The district court in *Dean* allowed "extensive discovery" in aid of the jurisdictional issue before ruling on the Defendant's Rule 12(b)(2) motion to dismiss. *Id.* at 1274. In the case at bar, however, the Court has allowed the Kinderhook Defendants to forego any discovery until it rules on their motion to dismiss. [Docket Nos. 79 & 92]. Thus, the Trevinos' request for further discovery is reasonable and proper given the procedural nature of this matter.

DATED this 29th day of February, 2012.

Respectfully submitted,

By: /s/ Hank Anderson
Hank Anderson,
Texas Bar No. 01220500
Benton G. Ross,
Texas Bar No. 24068124
THE ANDERSON LAW FIRM
4245 Kemp Blvd., Suite 810
Wichita Falls, Texas 76308
T: (940) 691-7600
F: (940) 228-3194
*Admitted Pro Hac Vice*

And

Randall L. Kinnard # 4714
Daniel L. Clayton #12600
KINNARD, CLAYTON & BEVERIDGE
127 Woodmont Boulevard
Nashville, Tennessee
T: (615) 297-1007
F: (615) 297-1505
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of February, 2012, a true and correct copy of the above and forgoing, has been sent to the following counsel of record by means indicated below:

*Via* **CM/ECF**
Wallace Wordsworth Dietz
Wendy M. Warren
Bass, Berry & Sims
150 Third Avenue South, Suite 2800
Nashville, TN 37201

*Via* **CM/ECF**
Timothy P. Harkness
Pamila Gudkov
FRESHFIELDS BRUCHHAUS DERINGER
601 Lexington Avenue, 31st Floor
New York, NY 10022


**COUNSEL FOR DEFENDANTS KINDERHOOK CAPITAL FUND II, L.P. & KINDERHOOK INDUSTRIES, LLC**


            /s/ Hank Anderson
            Attorney for Plaintiffs