IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DYLAN J. TREVINO, a minor suing by )
His next friend and Guardian, )
DIANA TREVINO, and )
DIANA TREVINO, Individually, )
                                  )     CASE NO. 1:10-00115
    Plaintiffs,           )     JUDGE HAYNES
                                  )
v.                                   )

BLITZ U.S.A., INC.; LAM 2011 )
HOLDINGS, LLC, f/k/a BLITZ )
HOLDINGS, LLC; KINDERHOOK )
CAPITAL FUND II, LP; BLITZ )
ACQUISITION HOLDINGS, INC.; )
BLITZ ACQUISITION, LLC and )
BLITZ RE HOLDINGS, LLC, )
    Defendants.        )

**O R D E R**

Before the Court is the motion to transfer filed by the Defendant Kinderhook Capital Fund II L.P. (Kinderhook") seeking to transfer Plaintiffs' claim to the United States District Court for the District of Delaware under 28 U.S.C. § 1412 and 28 U.S.C. § 1404. Alternatively, Kinderhook seeks a stay of this action under 11 U.S.C. § 362(a) and the Court's inherent power to mange its docket, given the other Defendants' bankruptcy action in the District of Delaware. (Docket Entry No. 95). In November 2011, the Court transferred Plaintiffs' claims involving the other Defendants to the Bankruptcy Court in the District of Delaware. (Docket Entry No. 94). Kinderhook is the sole remaining Defendant.

To grant a transfer under 28 U.S.C. § 1412 or 1404(a), the Court must consider whether a transfer is in the interest of justice and will be more convenient for the parties. Flight Solutions,

Inc. v. Club Air, Inc., No. 3:09-cv-1155, 2010 WL 276094, at *2 (M.D. Tenn. Jan. 4, 2010). Whether a transfer would promote economic and efficient administration of the bankruptcy estate is a significant factor. Mello v. Hare, Wynn, Newell & Newton, LLP, No. 3:10-cv-243, 2010 WL 2253535, at *4 (M.D. Tenn. May 30, 2010).

Delaware is the forum of the other Defendants' bankruptcy proceeding and Plaintiffs' underlying tort claims. To adjudicate this action in this district while the remainder of similar claims is in Delaware creates a substantial possibility of duplicative or inconsistent rulings and could prejudice the Bankruptcy Court's protection of the other Debtor Defendants' creditors. The Bankruptcy Court for the District of Delaware is the most convenient and efficient forum for the resolution of Plaintiffs' claims.

The Court concludes that the "systemic integrity and fairness" requirements of the interest of justice factors in 28 U.S.C. § 1404 warrant a transfer to a single forum. See e.g., Flight Solutions, Inc., 2010 WL 276094, at *2.

Accordingly, the Defendant Kinderhook's motion to transfer (Docket Entry No. 95) is **GRANTED** and this action is **TRANSFERRED** to the Bankruptcy Court for the District of Delaware.

It is so **ORDERED**.

ENTERED this the 1st day of May, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge